ACCEPTED
06-16-00021-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
10/14/2016 10:13:43 AM
DEBBIE AUTREY
CLERK

No. 06-16-00021-CV

AND

No. 06-16-00041-CV

_____

In the
Sixth Court of Appeals
Texarkana, Texas

_____

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

10/14/2016 10:13:43 AM

DEBBIE AUTREY
Clerk

BP AUTOMOTIVE LP
D/B/A BOSSIER DODGE,

*Appellant,*

v.

RML WAXAHACHIE DODGE, LLC,
RLJ-MCLARTY-LANDERS
AUTOMOTIVE HOLDINGS, LLC,
RML WAXAHACHIE FORD, LLC, AND
RML WAXAHACHIE GMC, LLC

*Appellees*

BP AUTOMOTIVE LP
D/B/A BOSSIER DODGE,

*Appellant,*

v.

RLJ-MCLARTY-LANDERS
AUTOMOTIVE GROUP,

*Appellee*

_____

On Appeal from the 87th District Court,
Freestone County, Texas (No. 10-030-B)
The Hon. J. Deborah Oakes Evans, Presiding

_____

**APPELLEES' MOTION TO CONSOLIDATE**

_____

Blake L. Beckham
State Bar No. 02016500
Sarita A. Smithee
State Bar No. 2405254
THE BECKHAM GROUP, P.C.
3400 Carlisle, Suite 500
Dallas, Texas 75204
(214) 965-9300 (telephone)
(214) 965-9301 (facsimile)

Rodney F. Page
Jennifer M. K. Mammen
BRYAN CAVE LLP
1155 F Street, N.W., Suite 700
Washington, D.C. 20004
(202)508-6000 (telephone)
(202)508-6200 (facsimile)
Appearing *Pro Hac Vice*

**ATTORNEYS FOR APPELLEES
ORAL ARGUMENT REQUESTED**

TO THE HONORABLE COURT:

COME NOW Appellees **RML WAXAHACHIE DODGE, LLC, RLJ-MCLARTY-LANDERS AUTOMOTIVE HOLDINGS, LLC, RML WAXAHACHIE FORD, LLC, RML WAXAHACHIE GMC, LLC, AND RLJ-MCLARTY-LANDERS AUTOMOTIVE GROUP**[1] and respectfully move this Court to consolidate this Case, No. 06-16-00021-CV, with related case No. 06-16-00041-CV for all purposes but, at a minimum, oral argument. If these appeals proceed separately, there would be a waste of judicial resources, undue expense, and the potential for inconsistent and divergent decisions from different panels of this Court. In support of their Motion, Appellees respectfully state as follows:

FACTUAL BACKGROUND

On January 26, 2010, Appellant filed a lawsuit in the 87th Judicial District Court of Freestone County, Texas (the "Trial Court"), naming RML Waxahachie Dodge, LLC, RLJ-McLarty-Landers Automotive Holdings, LLC, RML Waxahachie Ford, LLC, RML Waxahachie GMC, LLC, (collectively the "RML Defendants") and RLJ-McLarty-Landers Automotive Group as defendants

---

[1] Putative Defendant RLJ-McLarty-Landers Automotive Group does not, by the filing of this motion, admit or consent that it is a partnership or entity with the capacity to be sued, or waive any argument that it is not a partnership or entity with the capacity to be sued.

2

alleging theories in tort and contract arising out of a contract for the purchase of Appellant's automobile dealership located in Waxahachie, Texas.

RLJ-McLarty-Landers Automotive Holdings, LLC is a limited liability company that is the parent company of the other RML Defendants, which, in turn, own and operate retail automobile dealerships in Waxahachie, Texas. Appellant also named "RLJ-McLarty-Landers Automotive Group" (hereinafter the "Fictional Group") as a defendant, alleging that the automotive businesses owned and operated by the defendant limited liability companies also constituted a partnership with sufficient legal status to be independently sued in its own right for the same conduct alleged as to all defendants generally. Appellees asserted, and continue to assert, that the Fictional Group is not a proper party to any suit, as it does not exist as a legal entity and therefore lacks the capacity to be sued.

<u>PROCEDURAL HISTORY AND THE PRIOR APPEAL</u>

The Trial Court severed the case against the Fictional Group after it granted the RML Defendants' traditional and no-evidence summary judgment motions in 2011.[2] The Trial Court later entered summary judgment in favor of the Fictional Group on the same grounds. Appellant appealed all of those judgments. On the basis of the relatedness of the appeals, the RML Defendants moved to consolidate

---

[2] The only reason listed in the RML Defendants' motion for severance was to make the above-listed judgments final.

3

the cases on appeal. Appellant objected that consolidation would introduce "unnecessary complexity" because the appeals involved different issues, including the capacity of the Fictional Group and discovery issues related thereto. Over Appellant's objections, the First Court of Appeals[3] considered the appeals relating to the RML Defendants and the Fictional Group together and issued one opinion disposing of both appeals.

Following the First Court of Appeals decision and remand to the trial court, all Appellees filed additional motions for summary judgment, and the Trial Court decided all of those motions in Appellees' favor. The RML Defendants' motions relate to collateral estoppel and the Fictional Group's motion relates to both capacity and collateral estoppel. Appellant has appealed those decisions, and both cases were transferred to this Court.

## ORAL ARGUMENT IN THIS CASE

On August 15, 2016, this Court notified the Parties that the Court had determined that Case No. 06-16-00021-CV should be set for oral argument under the considerations set forth in Tex. R. App. P. 39.1. In its brief filed October 14, 2016, in Case No. 06-16-00041-CV, the Fictional Group requested oral argument.

---

[3] Those appeals were both transferred from the Tenth Court of Appeals to the First Court of Appeals by order of the Supreme Court of Texas.

4

## ARGUMENT

Appellant alleges exactly the same claims and cites exactly the same facts against all Appellees. The issues in both cases are the same – whether Appellees damaged Appellant related to a transaction for the sale of a car dealership – and the same counsel represents Appellant and all Appellees, respectively, in both cases. These parties have been through extensive litigation over the past six years in parallel cases in the state and federal courts, to include multiple judgments from the Bankruptcy Court of the Western District of Texas, the District Court of the Western District of Texas, the Fifth Circuit Court of Appeals, the District Court for Freestone County, Texas, and the First Court of Appeals of Texas. That procedural history is relevant to both of the instant appeals.

Judicial economy would be served by consolidating these actions. While these cases have been briefed separately, the pleadings and judgments upon which all parties rely in their appellate briefing substantially overlap such that any panel considering either appeal will necessarily review material that is relevant to the other.

While the instant appeals are not identical, they are substantially intertwined, in that they involve the same parties, the same claims, the same set of facts regarding the interactions between the parties, and much of the same procedural history. Further, Appellant's claims against all Appellees are subject to

5

the same arguments regarding collateral estoppel because those arguments do not depend on the status of any Appellee.  The Fictional Group raised to the Trial Court the issue of collateral estoppel.  The lower court did not specify its grounds for granting the Fictional Group's motion, so this Court should consider the issues of capacity and collateral estoppel with respect to the Fictional Group.  As collateral estoppel is a grounds for summary judgment in both appeals, those appeals should be considered together because not consolidating these appeals and permitting separate oral arguments, potentially before different panels of this Court, risks inconsistent results while consolidating oral argument would ensure consistency and uniformity of result.  Accordingly, Appellees requests that these related cases be consolidated.

Dated this 14th day of October 2016.

Respectfully submitted,

/s/ Blake L. Beckham

Blake L. Beckham
State Bar No. 02016500
blake@beckham-group.com
Sarita A. Smithee
State Bar No. 24054254
sarita@beckham-group.com
THE BECKHAM GROUP, P.C.
3400 Carlisle, Suite 550
Dallas, Texas  75204
(214) 965-9300 (telephone)
(214) 965-9301 (facsimile)

Rodney F. Page
Jennifer M. K. Mammen
Jennifer.mammen@bryancave.com
BRYAN CAVE LLP
1155 F Street, N.W., Suite 700
Washington, D.C. 20004
(202)508-6000 (telephone)
(202)508-6200 (facsimile)
Appearing *Pro Hac Vice*

ATTORNEYS FOR APPELLEES

## CERTIFICATE OF CONFERENCE

As required by Tex. R. App. P. 10.1(a)(5), I certify that counsel for Appellees has conferred with counsel for Appellant, and counsel for Appellant is opposed the relief requested herein.

/s/ Blake L. Beckham_____
Blake L. Beckham

## CERTIFICATE OF SERVICE

I certify that on the 14th day of October 2016, I electronically filed the foregoing motion with the clerk of the court using the electronic case filing system of the court. I also certify that I have served the foregoing document upon all counsel via the court's electronic case filing system as follows:

Kevin J. Terrazas
CLEVELAND TERRAZAS PLLC
4611 Bee Cave Road, #306B
Austin, Texas 78746
(512) 680-3257

/s/ Blake L. Beckham
Blake L. Beckham